IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CARLA CLEVELAND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MACON MEMORIAL PARK d/b/a MACON ) <br> MEMORIAL PARK CEMETERY #06232, ) <br> SCI SHARED SERVICES, INC., and JOHN ) <br> DOE NOS. 1-10, ) <br> ) <br> Defendants. ) <br> ) | Case No. |

## DEFENDANTS' NOTICE OF REMOVAL

COME NOW Defendants SCI Shared Services, Inc. ("SCI") and Alderwoods (Georgia), LLC ("Alderwoods") d/b/a Macon Memorial Park Funeral Home and Cemetery (collectively "Defendants"), by and through their attorneys, and respectfully show to this Court the following:

1. Defendants desire to exercise their rights under the provisions of 28 U.S.C. § 1441 to remove this action from the State Court of Bibb County, State of Georgia, which case is now pending in that court under the name *Carla Cleveland v. Macon Memorial Park d/b/a Macon Memorial Park Cemetery #06232, SCI Shared Services, Inc., and John Doe Nos. 1-10*, and docketed as Case No. 22-SCCV-093880.

2. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, as follows:

   a. The matter in controversy is between citizens of different states.

     i. Plaintiff Carla Cleveland ("Plaintiff") is, and was at the commencement of this action, a citizen and resident of the State of Georgia. See Browne Decl. Ex. B at p. 1.

     ii. SCI is, and was at the commencement of this action, a corporation incorporated under the laws of the State of Delaware with its principal place of business at 1929 Allen Parkway, Houston, Texas 77019. Key Decl. ¶ 4.

     iii. As a result, SCI is, and was at the commencement of this action, a citizen of Delaware and Texas. See 28 U.S.C. § 1332(c)(1) (stating that "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business").

     iv. There is no business entity named "Macon Memorial Park" in the State of Georgia. Macon Memorial Park was dissolved in 1985. See Key Decl. Ex. 1. Macon Memorial Park is owned and operated by Alderwoods. Key Decl. ¶ 6.

     v. Alderwoods is, and was at the commencement of this action, a limited liability company. Key Decl. ¶ 7. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

     vi. The only member of Alderwoods, currently and at the commencement of this action, is Alderwoods Group, LLC. Key Decl. ¶ 7.

     vii. The sole member of Alderwoods Group, LLC, currently and at the commencement of this action, is Service Corporation International. Key Decl. ¶ 7.

     viii. Service Corporation International is, and was at the commencement of this action, a corporation incorporated under the laws of the State of Texas

with its principal place of business located at 1929 Allen Parkway, Houston, Texas.  Key Decl. ¶ 8.  It is therefore a citizen of Texas.  See 28 U.S.C. § 1332(c)(1).

        ix.      Consequently, Alderwoods is also a citizen of Texas.

        x.      The citizenship of John Doe Nos. 1-10 is irrelevant for purposes of diversity jurisdiction.  See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

        xi.      Thus, there is complete diversity between Plaintiff and both Defendants.

    b.    The matter in controversy more likely than not exceeds the sum or value of $75,000, exclusive of interest and costs.

        i.      "If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement."  Roe v. Michelin N. Am., Inc., 614 F.3d 1058, 1061 (11th Cir. 2010) (quotations omitted).

        ii.      Plaintiff alleges that she tripped, fell, and broke her foot on Defendants' property.  Compl. ¶ 4.  She characterizes this as a serious injury.  Id. ¶ 8.  Her Complaint asserts claims against Defendants for negligence, negligent hiring and retention of unsafe employees, and respondeat superior.  Id. ¶¶ 5-6, 11-12.  As of February 4, 2022, she claims to have incurred "medical expenses *in excess of* $5,620.00, and lost wages *in excess of* $8,211.50," id. ¶ 8 (emphasis added); that she "has endured and will continue to endure pain and suffering," id. ¶ 9; and she seeks to recover "her past and future medical expenses, past and future pain and suffering, [and] lost wages."  Id. ¶ 13.

     iii. Plaintiff's counsel sent a demand letter to SCI asserting that Plaintiff "suffered from multiple acute fractures to her right foot, including swelling and extreme pain." Browne Decl. Ex. 1 at p. 2. Her medical records reflect that on August 18, 2021, nearly five months after the incident, Plaintiff was still reporting some soreness with activity, some swelling, pain 1/10, aching, non-radiating, intermittent, worse with prolonged standing and activities. Browne Decl. Ex. 2 at p. 3.

     iv. On July 22, 2021, Plaintiff reported weakness, limited range of movement ("ROM"), and pain affecting activities of daily living ("ADL"). Id. at p. 25. She reported that she was unable to perform – or it was extremely difficult for her to perform – walking a mile, running on even or uneven ground, making sharp turns while running fast, or hopping; that she could go up one flight of stairs with quite a bit of difficulty; that she could perform heavy activities around her home with moderate difficulty; and that she experienced a little bit of difficulty rolling over in bed, sitting for one hour, getting into or out of a car, performing light activities around her home, lifting an object like a bag of groceries from the floor, putting on shoes or socks, engaging in her usual hobbies, recreational or sporting activities, and performing her usual work or housework. Id. at p. 27. The healthcare provider assessed her with a lower extremity functional scale score of 39/80 (48.75%). Id.

     v. Juries routinely award damages in excess of the jurisdictional amount for pain and suffering in slip-and-fall cases. See Vineyard Indus., Inc. v. Bailey, 343 Ga. App. 517, 525-26, 806 S.E.2d 898, 905 (2017) (affirming jury verdict of $600,000 for pain and suffering due to slip and fall); Patterson Bank v. Gunter, 263 Ga. App. 424, 426, 588 S.E.2d 270, 272-73 (2003) (affirming jury verdict of $621,129.68 with medical expenses of only $21,129.68); Zack's Props., Inc. v. Gafford, 241 Ga. App. 43, 44, 526 S.E.2d 80, 81 (1999)

($163,000 for pain and suffering); Great Atl. & Pac. Tea Co. v. Turner, 180 Ga. App. 533, 535, 349 S.E.2d 537, 540 (1986) (affirming jury verdict of $140,000 with medical expenses of only $14,711.55).

      vi. Defendants show that the facts underlying Plaintiff's claims confirm that the amount sought by Plaintiff for alleged damages exceeds the jurisdictional amount of $75,000, exclusive of interest and costs, as a matter of law. See, e.g., Fowles v. TJX Cos., Case No. 4:21-cv-00198-CDL, 2022 WL 188134, at *2 (M.D. Ga. Jan. 20, 2022) (finding that amount in controversy exceeded $75,000 where plaintiff's past medical treatment cost at least $35,114.71; she alleged that her injuries were significant and permanent; she contended that she continued to suffer pain and suffering and that these injuries likely would persist into the future; she sought compensatory damages for pain and suffering); Densley v. Caldwell, Civil Action No. 5:20-cv-410 (MTT), 2020 WL 7360284, at *2 (M.D. Ga. Dec. 15, 2020) (finding that amount in controversy exceeded $75,000 where plaintiff's itemized medical expenses were $28,972.00 as of June 10, 2020, and she sought "'medical expenses and lost wages, both past and future,' implying that not only medical expenses but also lost wages had continued to accrue and would continue to accrue"); Lewis v. Southern Family Mkts. of Albany, LLC, No. 1:13-cv-153 (WLS), 2013 WL 5949910, at *3 (M.D. Ga. Nov. 6, 2013) (finding amount in controversy satisfied where plaintiff incurred $20,233.54 in known medical expenses in one year and "[b]ecause of the varying levels of pain and the potentially permanent nature of her injury, Lewis will undoubtedly seek damages for the foreseeable future"); Farley v. Variety Wholesalers, Inc., Civil Action No. 5:13-CV-52 (CAR), 2013 WL 1748608, at *2-*3 (M.D. Ga. Apr. 23, 2013) (finding that amount in controversy exceeded $75,000 where plaintiff alleged special damages of $13,095.08 for medical expenses, and sought future medical expenses, and pain and suffering);

Troupe v. C & S Wholesale Grocers, Inc., No. 5:09-CV-00098 (CAR), 2009 WL 1938787, at *2-*3 (M.D. Ga. July 2, 2009) (finding that defendant established amount in controversy where plaintiff's complaint asserted that she suffered "severe physical injuries" and "excruciating and severe physical distress" as a result of defendant's negligence, sought damages for medical expenses "in excess of $13,637.00," and prayed an award of "other special and general damages, including pain and suffering, both mental and physical, in the amount to be proven at the time of trial").

    vii. Thus, the matter in controversy more likely than not exceeds the sum or value of $75,000, exclusive of interest and costs.

3. Under the provisions of 28 U.S.C. § 1441(a), the right exists to remove this action from the State Court of Bibb County, State of Georgia, to the United States District Court for the Middle District of Georgia, Macon Division, which embraces the place were such action is pending.

4. In accordance with the requirements of 28 U.S.C. § 1446(b)(1), Defendants file this Notice of Removal within thirty (30) days after service of the Summons and Complaint upon them. The Summons and Complaint were personally served on February 8, 2022.

5. Pursuant to the provisions of 28 U.S.C. § 1446(a), Defendants attach hereto copies of all the documents that have been served upon them in this action, described as follows:

  a. Complaint for Damages filed in the State Court of Bibb County, State of Georgia, having been assigned Case No. 22-SCCV-093880, marked as Exhibit A;

  b. Summonses to SCI Shared Services, Inc. and Macon Memorial Park, marked as Exhibit B;

      c.      Rule 5.2 Certificate of Service of Discovery, marked as Exhibit C;

      d.      Plaintiff's First Interrogatories to Defendant SCI Shared Services, Inc., marked as Exhibit D;

      e.      Plaintiff's First Request for Production of Documents to Defendant SCI Shared Services, Inc., marked as Exhibit E;

      f.      Plaintiff's First Interrogatories to Defendant Macon Memorial Park d/b/a Macon Memorial Park Cemetery #06232, marked as Exhibit F;

      g.      Plaintiff's First Request for Production of Documents to Defendant Macon Memorial Park d/b/a Macon Memorial Park Cemetery #06232, marked as Exhibit G;

      h.      General Civil and Domestic Case Filing Information Form, marked as Exhibit H; and

      i.      Special Agent's Affidavit of Entry of Service, marked as Exhibit I.

6.      By reason of the foregoing, Defendants desire and respectfully submit that they are entitled to have this action removed from the State Court of Bibb County, State of Georgia, to the United States District Court for the Middle District of Georgia, Macon Division, such being the district and division where said suit is pending.

7.      A true copy of this Notice of Removal will be filed with the Bibb County State Court Clerk, as required by law.  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit J.

8.      Written notice of the filing of this Notice of Removal, a copy of which is attached hereto as Exhibit K, will be given to Plaintiff's counsel as required by law.

9. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after a reasonable inquiry, it is well grounded in fact; as warranted by existing law or an extension or modification of existing law; and is not interposed for any improper purposes, such as to harass or cause unnecessary delay or needless increase in the cost of this litigation.

WHEREFORE, Defendants pray that this action be removed to this Court and that this Court accept jurisdiction of this matter, and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Respectfully submitted this 10th day of March, 2022.

>WEINBERG, WHEELER,
>HUDGINS, GUNN & DIAL, LLC
>
>/s/ Matthew T. Gomes, Esq.
>Stephen W. Mooney
>Georgia Bar No. 001790
>Matthew T. Gomes
>Georgia Bar No. 297453
>Attorneys for Defendants

3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
404-876-2700
404-875-9433 Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2022, the within and foregoing Defendants' Notice of Removal was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Ashley Cameron-Bivins, Esq.
Dozier Law Firm, LLC
487 Cherry Street
P.O. Box 13
Macon, GA 31202-0013

/s/ Matthew T. Gomes, Esq.