IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CARLA CLEVELAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-CV-105 (MTT) |
| | ) |
| ALDERWOODS (GEORGIA) LLC, | ) |
| d/b/a MACON MEMORIAL PARK, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

__ORDER__

Defendants SCI Shared Services, Inc. and Alderwoods (Georgia) LLC removed this case to this Court on March 10, 2022.  Doc. 1.  The Court was immediately concerned about its jurisdiction, so on March 22, 2022, the Court ordered the defendants to show cause why this action should not be remanded.  As discussed in detail below, the defendants have not met their burden to establish by a preponderance of the evidence that the jurisdictional amount in controversy is satisfied.  Accordingly, this case is **REMANDED** to the State Court of Bibb County.

**I. STANDARD**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction … to the district court of the United States for the district and division embracing the place where such action is pending."  If removal is based on the initial pleading, the defendant must file the notice of removal within 30 days of service of the

initial pleading.  28 U.S.C. § 1446(b)(1).  "For removal to be proper, the removing party must establish federal subject matter jurisdiction at the time the notice of removal is filed."  *Cross v. Wal-Mart Stores, E., LP*, 2011 WL 976414, at *1 (M.D. Ga. Mar. 17, 2011) (citing *Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002)).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted).

Diversity jurisdiction exists if the opposing parties are citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  Where "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  *Pretka*, 608 F.3d at 752 (internal quotation marks and citation omitted).  The removing defendant may satisfy this burden by showing it is "facially apparent" from the complaint that the amount in controversy exceeds $75,000, "even when the complaint does not claim a specific amount of damages[,]" or with the use of additional evidence demonstrating removal is proper.  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks and citations omitted).  Any uncertainties should be resolved in favor of remand.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).  "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."  *Roe*, 613 F.3d at 1062.

## II. DISCUSSION

Plaintiff Carla Cleveland alleges that while on the defendants' premises, she "tripped, fell, and broke her foot because of a dangerous condition[.]"  Doc. 9 ¶ 4.

Cleveland alleges that as a result of her fall, she has incurred $5,620.00 in medical expenses and $8,211.50 in lost wages.  *Id.* ¶ 8.  Before filing suit, Cleveland's lawyer sent a demand letter to the defendants which detailed these damages, but the letter did not demand a specific amount to settle the case.  Docs. 1 at 4; 1-14 at 4-5.

Because it is not facially apparent from the complaint that the amount in controversy exceeds $75,000, the defendants must otherwise prove that it is by a preponderance of the evidence.  To do this, the defendants cite 31 tort cases in which plaintiffs received settlements or verdicts exceeding $75,000.  Doc. 11 at 4-10.  But these cases are all *easily* distinguishable.  The plaintiffs in each of the cases had significantly more medical expenses than Cleveland alleges.  In fact, many of the cases cited by defendants are completely irrelevant.  For example, the defendants cite multiple cases in which plaintiffs alleged over $100,000 in medical expenses.  It is no surprise—and not helpful—that the defendants could find cases where large verdicts or settlements were reached when significant medical expenses were at issue.  Obviously, the amount in controversy was greater than $75,000 in those cases, and any attempted comparison to those cases is unpersuasive.

The two cases the defendants cite in which the plaintiffs' medical expenses were even remotely close to those claimed by Cleveland are *Hamilton v. Wal-Mart Stores, Inc.*, 2021 WL 7286233 (Rockdale Cnty. State Ct. Oct. 28, 2021) and *Brown v. Wieuca Road Baptist Church, Inc.*, 2017 WL 10152273 (Fulton Cnty. State Ct. June 23, 2017).  But even in those cases, the plaintiffs claimed $10,720 and $10,134, respectively, in past medical expenses—nearly double the amount at issue here.  In short, the cases

cited by the defendants do not persuade the Court that there is more than $75,000 at controversy in this case.

Also, based on the Court's considerable experience as a lawyer and a judge, it is highly unlikely that Cleveland would recover more than $75,000 in the Middle District of Georgia.  *See Roe*, 613 F.3d at 1062.

The defendants also argue that Cleveland's claim for punitive damages supports a finding that the amount in controversy is satisfied.  Doc. 11 at 10-12.  However, neither Cleveland's original complaint nor her amended complaint made a specific claim for punitive damages.  Docs. 1-2; 9; *see* O.C.G.A. § 51-12-5.1(d)(1) ("An award of punitive damages must be specifically prayed for in a complaint.").  The only evidence the defendants cite in support of their assertion that Cleveland seeks punitive damages is a single line in the complaint's prayer for relief that states Cleveland is seeking "past and future medical expenses, past and future pain and suffering, lost wages, and *all other damages permitted by Law*."  Doc. 11 at 11 (citing Doc. 1-4 ¶ 13) (emphasis added).  However, Georgia law is clear that "a lone statement in the prayer that plaintiff be awarded punitive damages is insufficient."  *Schmidt v. C.R. Bard, Inc.*, 2014 WL 5149175, at *8 (S.D. Ga. Oct. 14, 2014) (citing *Drug Emporium, Inc. v. Peaks*, 227 Ga. App. 121, 129-30, 488 S.E.2d 500, 507-08 (1997)).  Moreover, Cleveland admits in her response that she has not made a claim for punitive damages.  Doc. 14 at 7.  Indeed, based on the allegations of her complaint, she could not have plausibly alleged a punitive damages claim.  Accordingly, the defendants' reliance on a potential punitive damages award to satisfy the amount in controversy is without merit.

Next, the defendants argue that Cleveland could have stipulated that she was seeking less than $75,000.  Doc. 11 at 12.  However, a plaintiff's refusal to stipulate that she seeks less than $75,000 is not sufficient to establish the amount in controversy.  *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue.").  While a plaintiff may stipulate to avoid removal or secure remand, there certainly is no requirement that she do so.

Finally, the defendants point out that Cleveland recently filed an amended complaint in which she alleges the defendants are subject "to the venue and jurisdiction of this Court."  *Id.* (quoting Doc. 9 ¶¶ 1-2).  The defendants thus argue that Cleveland "therefore admitted that she seeks to recover an amount exceeding the jurisdictional minimum in this matter."  *Id.*  But while Cleveland's amended complaint did allege that jurisdiction over the defendants is proper, Cleveland filed that amended complaint simply to correct a party's name; the amended complaint is otherwise identical to the original.  Docs. 1-2; 9; 14.  Moreover, in response to the Court's show cause order, Cleveland subsequently argued that federal jurisdiction is lacking.  Doc. 14.  Thus, this argument by the defendants, like each of the others, is unpersuasive.

### III. CONCLUSION

In conclusion, the defendants have not established by a preponderance of the evidence that the amount in controversy is more than $75,000.  Although they cite over 30 cases, the defendants have not cited a single case where the minimum amount in controversy was satisfied when a plaintiff had incurred less than $6,000 in medical

expenses, like Cleveland has here. The defendants' other arguments are similarly unpersuasive. Therefore, the Court lacks subject matter jurisdiction, and this case is **REMANDED** to the State Court of Bibb County.

**SO ORDERED**, this 10th day of May, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT